UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMKHA SOUVANNASENG,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                              Respondents. | Case No.: 3:25-cv-3473-CAB-DEB<br><br>**ORDER:**<br>**(1) GRANTING PETITION FOR A WRIT OF HABEAS CORPUS [Doc. No. 1]**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. No. 2]** |

Pending before the Court is Amkha Souvannaseng's ("Petitioner") Petition for a Writ of Habeas Corpus, [Doc. No. 1 ("Petition")], and Motion for Temporary Restraining Order, [Doc. No. 2 ("TRO")]. Respondents filed a response that simultaneously addressed the Petition and the TRO. [Doc. No. 6.] The Court finds Petitioner's motions suitable for determination on the papers. *See* CivLR 7.1(d)(1). For the following reasons, the Petition is **GRANTED**, and Petitioner's TRO is **DENIED AS MOOT**.

## I.  BACKGROUND

Petitioner is a native of Laos who came to the United States in 1979. [Petition at 20.] Petitioner's status was later adjusted to that of a lawful permanent resident. [*Id.*] On July 3, 2000, Petitioner was ordered removed because he was convicted in 1998 of a drug crime. [*Id.*] After detaining him for about a year, Immigration and Customs Enforcement ("ICE") released Petitioner on an order of supervision because "Laos did not issue [him] travel documents." [*Id.*; *see also* Doc. No. 6-1 ¶¶ 6–8.]

On November 28, 2025, Petitioner was re-detained to effect his removal to Laos. [*Id.*] Respondents do not have a travel document for Petitioner but assert that "[o]nce ICE receives a travel document for Petitioner . . . Petitioner's removal can be effectuated promptly." [Doc. No. 6-1 at 3] (cleaned up and internal quotations removed). Respondents also assert that they are not currently "seeking to remove Petitioner to a third country." [*Id.*]

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.  DISCUSSION

### A.  Jurisdiction

Respondents argue that the Court lacks jurisdiction over Petitioner's claims under 8 U.S.C. § 1252. [Doc. No. 6 at 3–4.] The Supreme Court's holding in *Zadvydas* squarely

contradicts this argument. There, the Supreme Court rejected the application of § 1252 to limit judicial review of indefinite post-removal-period detentions under § 1231(a)(6) and held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). This Court is thus satisfied of its subject matter jurisdiction and proceeds to the merits.

### B. Lawfulness of Petitioner's Continued Detention Under 8 U.S.C. § 1231

Petitioner asserts that his detention is unlawful under 8 U.S.C. § 1231(a) and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). [Petition at 10–12.] Respondents argue that (1) ICE has the authority to detain Petitioner to effectuate his order of removal; and (2) Petitioner cannot show that there is not a significant likelihood of removal in the reasonably foreseeable future as required under *Zadvydas*. [Doc. No. 6 at 6–8.] The Court agrees with Petitioner and **ORDERS** his immediate release under the same conditions as his previous release.

As relevant here, 8 U.S.C. § 1231(a)(1)(A) provides a 90-day removal period that begins when the order of removal becomes administratively final. Petitioner was ordered removed on July 3, 2000, and because he waived his right to appeal, [Doc. No. 6-1 at 1], that order of removal became administratively final the same day. *See* 8 C.F.R. § 1003.39; 8 C.F.R. § 1241.1. The 90-day removal period has long passed.

Under *Zadvydas*, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute [8 U.S.C. § 1231(a)(6)]." 533 U.S. at 699. The Petitioner has the initial burden to show that (1) he has experienced post-removal order detention for more than *Zadvydas'* six-month presumptively reasonable period of detention and (2) there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Given Petitioner's post-removal order detention from July 3, 2000 to March 14, 2001 and his current detention since November 28, 2025, Petitioner meets the first prong.

1    The Court also finds that Petitioner has met the second prong. ICE previously tried and failed to deport Petitioner, holding Petitioner in detention for over 8 months while failing to obtain travel documents from Laos. [Petition at 4.] Petitioner asserts that Laos has a well-documented history of rejecting deportees. [*See Id.* at 5–7.] ICE offers two insufficient pieces of evidence to rebut Petitioner's showing. First is the vague assertion that "ICE has worked diligently to effectuate [Petitioner's] removal to Laos. These removal efforts remain ongoing." [Doc. No. 6-1 at ¶ 12.] Second, ICE states that they removed 177 Laotian nationals in fiscal year 2025, up from 0 Laotian nationals in fiscal year 2024. [*Id.* at ¶ 13.]

The time to keep Petitioner in detention for purposes of removal, either under the statutory 90-day removal period or the 6-month *Zadvydas* period, has long passed. Respondents have not shown that there is a significant likelihood of removal in the reasonably foreseeable future.

### C. Procedural Safeguards Governing Revocation of Order of Supervision

Because the Court has ordered Petitioner's release based on *Zadvydas*, the Court need not reach the merits of Petitioner's arguments regarding Respondent's alleged due process violations.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's application for a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to his November 28, 2025 re-detention. The Court **DENIES** Petitioner's TRO as moot.

The Court also finds it appropriate to **PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of removal in the reasonably foreseeable

///
///
///
///

future.

<u>The Clerk of Court shall close the case.</u>

It is **SO ORDERED**.

Dated: December 16, 2025

Hon. Cathy Ann Bencivengo
United States District Judge